United States District Court
Southern District of Texas
**ENTERED**
July 01, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE MANUEL HERNANDEZ ROJAS, | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-04594 |
| | § | |
| RANDY TATE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court are *pro se* Petitioner Jose Manuel Hernandez Rojas's Petition for Writ of Habeas Corpus (Doc. #1) and Respondents' Abbreviated Response to the Habeas Petition (the "Abbreviated Response") (Doc. #5). Having considered the parties' arguments and applicable legal authority, the Court grants the Petition for Writ of Habeas Corpus.

Petitioner Jose Manuel Hernandez Rojas ("Petitioner"), a citizen of Mexico, entered the United States without inspection on or about November 25, 1999. Doc. #1 at 4. Over 25 years later, Petitioner was detained by Immigration and Customs Enforcement ("ICE") officials.[1] *See* Doc. #1; Doc. #5. Following his arrest, Petitioner was placed into custody at the Montgomery Processing Center in Conroe, Texas. Doc. #1 at 4. At this time, he remains in custody and has not been afforded a bond hearing. *Id.* The parties do not dispute that Petitioner has no criminal history, poses no flight risk, and is not a danger to the community.[2] Doc. #1 at 7-8; Doc. #5 at 1.

---

[1] Neither the Petition nor the Abbreviated Response state when Petitioner was initially detained. *See* Doc. #1; Doc. #5.

[2] Petitioner—the father of United States citizen children—notes that one of the charges against him was dismissed and did not result in a conviction. Doc. #1 at 7-8. Respondents effectively concede Petitioner's lack of criminal history, explaining that an abbreviated response sufficed "in light of this Court's prior decisions holding that the continued detention of aliens who have no criminal

Petitioner argues his continued detention violates his liberty interests, and thus the Due Process Clause of the Fifth Amendment.[3] Doc. #1 at 4. Respondents contend that Petitioner's detention is mandatory pursuant to 8 U.S.C. § 1225(b)(2). Doc. #5 at 1-2. Courts in the Southern District of Texas, however, have held that the continued detention of a noncitizen who has no criminal history and has not been shown to be a flight risk or danger to the community violates procedural due process. *See Batalla Nava v. Tate*, 4:26-cv-739, 2026 WL 1103033, at *2–4 (S.D. Tex. Apr. 23, 2026); *Reyes Suarez v. Thompson, et al.*, 4:26-cv-678, 2026 WL 1103030, at *2–4 (S.D. Tex. Apr. 23, 2026); *Rodriguez v. Frink*, 4:26-cv-798, 2026 WL 709487, at *8–10 (S.D. Tex. Mar. 13, 2026). The Court sees no reason to reach a different conclusion here.

Accordingly, the Court concludes that Petitioner's detention, without an individualized assessment or opportunity to be heard, violates his right to procedural due process. After reviewing the authorities and the record, the Court determines release is the appropriate habeas relief for the unlawful detention in this case. *See Brown v. Davenport*, 596 U.S. 118, 128 (2022) ("[F]ederal courts may grant habeas relief as law and justice require.") (cleaned up).

For the foregoing reasons, Respondents' Motion to Dismiss is DENIED. Doc. #8. Furthermore, Petitioner's Petition for Writ of Habeas Corpus is GRANTED. Doc. #1.

The Court therefore ORDERS as follows:

---

history and have not been shown to be a flight risk or danger to the community violates procedural due process." Doc. #5 at 1.

[3] Petitioner "asks this Court to ensure that his liberty interests receive meaningful consideration under the circumstances presented here." Doc. #1 at 4. Petitioner's request to safeguard his liberty interests necessarily implicates the Fifth Amendment and his right to due process. *Paul v. Davis*, 424 U.S. 693, 723 (1976) ("The Due Process Clause of the Fifth Amendment, like the Due Process Clause of the Fourteenth Amendment, protects 'liberty' interests.").

1. Respondents are ORDERED to effectuate Petitioner's immediate release from custody within forty-eight (48) hours of the entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas.

2. Respondents are further ORDERED to inform Petitioner's counsel or Petitioner's next friend of the time and location of his release at least three (3) hours before release.

3. Respondents are further ORDERED to return to Petitioner, at the time of his release from custody, any and all identification documents taken from him at the time of or during detention.

4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an Immigration Judge at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community.

5. Respondents are further ORDERED to file a status report updating the Court within seventy-two (72) hours of this Order, informing the Court of the status of Petitioner's release.

6. All other pending motions, if any, are DENIED as MOOT.

It is so ORDERED.

JUL 0 1 2026

Date

The Honorable Alfred H. Bennett
United States District Judge